UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JASMINA MOSTARLIC-IKANOVIC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | Case No. 4:20-CV-00866-SEP |
| | ) | |
| KILOLO KIJAKAZI,[1] | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This is an action under 42 U.S.C. §§ 405(g) for judicial review of the final decision of Defendant Kilolo Kijakazi, the Acting Commissioner of Social Security, in which the Social Security Administration (SSA) redetermined Plaintiff Jasmina Mostarlic-Ikanovic's eligibility for Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq*., and concluded that she was no longer eligible to receive them. Because there is substantial evidence to support the decision denying benefits, the Court will affirm the Commissioner's decision.

I.    BACKGROUND

On September 14, 2010, Plaintiff applied for SSI, alleging that she had been unable to work due to disability since April 1, 2003. (Tr. 392-95). In a fully favorable decision dated December 2, 2011, an Administrative Law Judge (ALJ) found that as of September 14, 2010, Plaintiff was disabled due to major depression and post-traumatic stress disorder. (Tr. 108-12). Subsequently, a continuing disability review determined that Plaintiff was no longer disabled as of August 18, 2017, due to medical improvement related to her ability to work. (Tr. 130). Plaintiff requested a hearing before an ALJ on the non-renewal decision. (Tr. 213-16). On January 9, 2019, the ALJ held a hearing on Plaintiff's claim. (Tr. 46-74). In an opinion dated February 28, 2018, the ALJ found Plaintiff was not disabled as defined in the Act. (Tr. 131-

---

[1]  Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, she is substituted as the Defendant in this case. No further action is needed for this action to continue. *See* 42 U.S.C. § 405(g) (last sentence).

152).  Plaintiff filed a Request for Review of Hearing Decision with the Social Security Administration's (SSA) Appeals Council, which reviewed and remanded the decision to the ALJ for further proceedings  (Tr. 153-59).  Upon remand, the ALJ held a supplemental hearing on May 9, 2019.  (Tr. 75-103).

In an opinion dated September 30, 2019, the ALJ found Plaintiff was not disabled as defined in the Act, because medical improvement related to her ability to work occurred as of August 1, 2017.  (Tr. 13-33).  Plaintiff filed a Request for Review of Hearing Decision with the Social Security Administration's (SSA) Appeals Council, and on April 30, 2020, the SSA's Appeals Council denied her Request for Review.  (Tr. 1-6).  Plaintiff has exhausted all administrative remedies, and the decision of the ALJ stands as the final decision of the Acting Commissioner of the Social Security Administration.

As to Plaintiff's testimony and medical records, the Court accepts the facts as provided by the parties.

## II.    STANDARD FOR DETERMINING DISABILITY UNDER THE ACT

To be eligible for benefits under the Act, a claimant must prove he or she is disabled. *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Sec'y of Health & Human Servs.*, 955 F.2d 552, 555 (8th Cir. 1992).  The Act defines as disabled a person who is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010).  The impairment must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work."  42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

Where, as here, a claimant has previously been determined disabled, their continued entitlement to benefits must be periodically reviewed.  *See* 20 C.F.R. § 416.994.  If there has been medical improvement related to the ability to work, and the claimant is now able to engage in substantial gainful activity, then a finding of not disabled is appropriate.  *Id*.  *See also Phillips v. Colvin*, 721 F.3d 623, 626; *Nelson v. Sullivan*, 946 F.2d 1314, 1315 (8th Cir. 1991).  In order

to determine whether a claimant continues to be disabled, the ALJ must engage in a multi-step evaluation process that may involve up to the following eight steps:

> (1) whether the claimant is currently engaging in substantial gainful activity, (2) if not, whether the disability continues because the claimant's impairments meet or equal the severity of a listed impairment, (3) whether there has been a medical improvement, (4) if there has been medical improvement, whether it is related to the claimant's ability to work, (5) if there has been no medical improvement or if the medical improvement is not related to the claimant's ability to work, whether any exception to medical improvement applies, (6) if there is medical improvement and it is shown to be related to the claimant's ability to work, whether all of the claimant's current impairments in combination are severe, (7) if the current impairment or combination of impairments is severe, whether the claimant has the residual functional capacity to perform any of his past relevant work activity, and (8) if the claimant is unable to do work performed in the past, whether the claimant can perform other work.

*Koch v. Kijakazi*, 4 F.4th 656, 661–62 (8th Cir. 2021) (citing *Dixon v. Barnhart*, 324 F.3d 997, 1000–01 (8th Cir. 2003).

## III.   THE ALJ'S DECISION

Applying the foregoing analysis, the ALJ here found that Plaintiff has the severe impairments of major depressive disorder, generalized anxiety disorder, panic disorder, post-traumatic stress disorder, degenerative disc disease of the cervical spine, and right knee patellofemoral syndrome with Baker's cyst (Tr. 19); and that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1.  (Tr. 15).  The ALJ found that medical improvement occurred on August 1, 2017, and that such improvement was related to her ability to work.  (Tr. 18-19).  The ALJ determined that after that date, Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a), except that she should avoid jobs that require the use of her bilateral upper extremities for work above shoulder level; she should avoid jobs that require ambulating on unimproved terrain (such as open fields and construction sites, though normal office flooring surfaces would be acceptable); that would expose her to whole body vibration (such as operating heavy equipment either on-road or off-road, including the use of jack hammers), and should avoid operation of any foot controls with her bilateral lower extremities.  (Tr. 22-23).  Furthermore, the RFC limited Plaintiff to simple and/or repetitive work in jobs that do not require close interaction with the public (in the sense that she should not perform jobs in which a significant part of her job duties would be to meet or

3

greet or be in contact with the general public – such as would be required in customer service or retail sales jobs – though incidental, infrequent contact with the public would be acceptable). *Id*. She was also limited to jobs that do not require close interaction with coworkers (in the sense that she should not perform jobs that require coworkers to get together to determine work duties, or related matters). *Id*. Finally, the RFC limited her to jobs that generally could be performed after demonstration. *Id*.

The ALJ found that Plaintiff has no past relevant work. (Tr. 32). But considering Plaintiff's age, education, and work experience, and in reliance on the testimony of a vocational expert (VE), the ALJ found that Plaintiff would be able to perform occupations including egg processor (Dictionary of Occupational Titles (DOT) No. 559.687-034, sedentary exertion level, 27,000 jobs in the national economy), lens inserter (DOT No. 713.687-026, sedentary exertion level, 12,000 jobs in the national economy), and circuit board assembler (DOT No. 726.684-110, sedentary exertion level, 68,000 jobs in the national economy). (Tr. 23). Consequently, the ALJ concluded that due to medical improvement related to her ability to work, Plaintiff was no longer disabled, as defined in the Act, from August 1, 2017, through the date of the decision. (Tr. 24).

## IV.   STANDARD FOR JUDICIAL REVIEW

This Court must affirm the Commissioner's decision if it complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009); *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Pate-Fires*, 564 F.3d at 942. *See also Biestek*, 139 S. Ct. at 1154 ("Substantial evidence . . . means— and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (quoting *Consolidated Edison*, 305 U.S. at 229).

In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir. 2012). However, the Court "'do[es]

not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* at 1064 (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

**V.      DISCUSSION**

Plaintiff challenges the ALJ's decision, asserting that the ALJ failed to properly consider the longitudinal medical evidence regarding her mental health and related limitations, and that substantial evidence does not support the ALJ's finding that Plaintiff was no longer disabled as of August 1, 2017.  Defendant argues that the ALJ's analysis was consistent with the Act and all applicable regulations, policies, and caselaw, and substantial evidence supports the ALJ's determination that medical improvement had occurred.

As described above, this Court's role is to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Richardson*, 402 U.S. at 401; *Pate-Fire*, 564 F.3d at 942; *Estes*, 275 F.3d at 724.  As long as there is substantial evidence in the record that supports the decision, this Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  *Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).

The Court has reviewed the entire transcript and the parties' briefs.  Based on a careful review of the record, and for the reasons stated in the ALJ's lengthy and well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and further finds that the record as a whole reflects substantial evidence to support the ALJ's decision.  *See Sledge v. Astrue*, 364 Fed. App'x 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

The Court acknowledges that the record contains conflicting evidence, and the ALJ could have reached a different conclusion.  However, this Court's task is not to reweigh the evidence presented to the ALJ.  The ALJ's weighing of the evidence here fell within the available "zone of

5

choice," and the Court cannot disturb that decision merely because it might have reached a different conclusion.  *See Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## VI.    CONCLUSION

Having reviewed the entire record, the Court finds that the ALJ made a proper determination based on a fully and fairly developed record.  Consequently, the Court determines that the ALJ's decision is supported by substantial evidence.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the Commissioner of Social Security is **AFFIRMED**.


Dated this 11th day of March, 2022.



_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE